## In re J. W. HARRISON MERCANTILE CO.

(District Court, W. D. Missouri, W. D.   May 15, 1899.)

1. BANKRUPTCY—CONSTRUCTION OF STATUTE—FEES AND COSTS.

The obvious policy of the bankruptcy act of 1898, manifest in all its provisions respecting fees and commissions, is to reduce to a minimum the expense of administering estates; and the courts are bound to give the statute such a construction and application as will fulfill the intention of congress in this regard.

2. SAME—ATTORNEY'S FEES IN INVOLUNTARY CASES—DRAWING PETITION.

A fee of $100 is allowed to the attorneys of the petitioning creditors in a case of involuntary bankruptcy, payable out of the estate, for their services in preparing and filing the petition, where adjudication was made there-

on without contest or trial; such services having been rendered before the adoption of a general rule of the court fixing the fee for such services at a sum "not exceeding $50, in the discretion of the court."

**3. SAME—PREPARING PETITION FOR INJUNCTION.**

Where attorneys for the petitioning creditors, in a case of involuntary bankruptcy, prepared and presented to the court a petition for an injunction restraining a mortgage trustee of the bankrupt from disposing of the property affected pendente lite, which was granted without contest, they may be allowed a fee of $25 for such services, payable out of the estate.

**4. SAME—SENDING NOTICES TO CREDITORS.**

Attorneys for the petitioning creditors, in a case of involuntary bankruptcy, are not entitled to charge the estate with a fee for their services in sending out notices of the first meeting of creditors; this being a duty imposed by law upon the referee. But money advanced by such attorneys to the referee, to cover the expense of sending such notices, will be refunded to them out of the estate.

**5. SAME—ATTENDING CREDITORS' MEETINGS.**

No allowance can be made out of the estate of a bankrupt to the attorneys of the petitioning creditors for their services in attending meetings of creditors and resisting the allowance of nonprovable or exaggerated claims against the estate, or opposing the claim of other creditors to priority of payment.

**6. SAME—ATTENDING SALES.**

Attorneys for the petitioning creditors against a bankrupt are not entitled to be compensated out of the estate for their services in attending sales of the bankrupt's property and inducing bidders to be present.

**7. SAME—FILING FEE ADVANCED.**

Where the attorneys for the petitioning creditors, in a case of involuntary bankruptcy, deposit with the clerk, on filing the petition, the $25 required by the act as a filing fee, they are entitled to have the same refunded to them out of the estate.

In Bankruptcy.

New & Krauthoff, for petitioning creditors.
William Hull, for bankrupt.

PHILIPS, District Judge. The law firm of New & Krauthoff have presented to the referee, for allowance against the bankrupt estate, a fee of $250 for services, which the referee has approved, and the matter has been referred to this court for revision. The claim for this allowance is presented in the form of a petition, which recites, in a general way, the services rendered by said attorneys as the basis of the allowance. It recites that they represented the petitioning creditor in filing the petition in an involuntary proceeding; that thereafter they presented to the court a petition for an injunction to restrain the trustee created by the bankrupt under a mortgage instrument from disposing of the property pendente lite, which injunction was granted by the court. It then recites that this firm attended to having the notices of the first meeting of creditors sent out, and that they attended the first meeting of creditors, and succeeded in having disallowed by the referee a large number of claims, reducing the amount of other claims presented, and preventing the allowance of certain other claims as preferred demands. Their petition also recites that said firm furnished $25 paid to the clerk upon the filing of the petition in bankruptcy, and that they also paid out to stenographer $2 for preparing order of injunction, and the further sum of $2 for expense in sending out notices of the first meeting of creditors, and

$3.45 for expenses in attending the first meeting of creditors. The round sum of $250 claimed by these attorneys on the foregoing statement presents an apt opportunity for the court to give expression to some practical views respecting such allowances in the administration of the bankrupt act.

The history leading up to the adoption of the present bankrupt law shows that the great abuses under the preceding national bankrupt act, in the way of exorbitant fees, which largely consumed the assets of the bankrupt, whereby the ministerial officers grew rich upon the administration of the act, while the creditors starved. impelled congress, in the adoption of the present bankrupt act, to reverse this practice, so that the bankrupt law should be so administered that the creditors should be the favorites of the courts, rather than the agents assisting the court in the preservation and distribution of bankrupt estates. The obvious policy of the present act, manifest throughout all its provisions respecting fees and commissions, is to reduce to the lowest minimum the expenses of administration. This is especially made manifest in the meager fees allowed to clerks, referees, and trustees. Indeed, so inadequate is the compensation allowed to these officers that it is a matter of happy surprise to the courts that they have been able to secure the services of such competent persons to fill the places of referees and trustees. And, because of the meager compensation allowed by the act to these officers, courts are exposed to the constant temptation to either read into the act some provision not found in its letter, or by the most liberal construction of doubtful or ambiguous terms to augment fees and commissions. This is a tendency. however, in my judgment, which it is the bounden duty of the court to resist. It is the duty of the court, from which it cannot honestly escape, in applying this statute, to give it such construction and such application as will carry out and effectuate the legislative will. Any other action by the court is but an attempt to set up and substitute the notions and inclinations of the individual judge as to what would be a reasonable compensation for services under this law for that of the legislature, whereas, as already suggested, the court can have no policy in conflict with that of the legislative scheme.

Section 64 of the act authorizes the court in an involuntary proceeding to allow, among claims entitled to priority, "one reasonable attorney's fee for professional services actually rendered, irrespective of the number of attorneys employed." This court discovered. after administering this act for a season, that it was to be plagued and perplexed with what it conceived to be demands enormous in their extent for attorney's fees, both in involuntary and voluntary cases. The impression among lawyers in this particular seems to be that the proceeding in involuntary cases should be likened to the practice in chancery, and that, where a creditor files a bill in equity to reach the assets of an insolvent debtor for the benefit of creditors generally, an allowance for the attorney of the petitioning creditor should not only be made a charge upon the general fund, but its extent should be the largest liberality of

the chancellor. While the bankrupt act contemplates that the allowance for an attorney's fee shall be taken out of the general fund, it must be a "reasonable attorney's fee." To regulate this charge, and to keep it within reasonable bounds, and to prevent the court from being constantly annoyed in each particular case with such allowances, it has prescribed, in general rule No. 13:

"For preparing petition in involuntary bankruptcy and superintending the filing thereof, and the issuance of subpoena thereon, and preparing schedules, in case such duty devolves upon the petitioning creditor, a fee of not exceeding $50.00, in the discretion of the court, where same is payable out of the estate of the bankrupt; and no further fee shall be allowed to such attorney where there is no contest or trial before the court touching the adjudication of bankruptcy; and in case the defendant therein contests the adjudication, necessitating a trial before the court or referee of such issue, such further fee as the court may find to be reasonable in the particular case."

This was deemed by the court to be a sufficient compensation, chargeable upon the estate, in the absence of contest, for merely drawing and presenting a petition in involuntary cases, as the form of such petition is prescribed and quite perfunctory. In view of the fact, however, that the petition in this case was drawn and presented before the promulgation of the above rule, the court, in this particular case, will allow an attorney's fee of $100.

For the petition presented to this court for the so-called injunction or restraining order against the trustee, which was but a mere formal matter,—such orders going almost as a matter of course,—the court will allow an attorney's fee of $25.

The claim made for sending out notices of the first meeting of creditors cannot be allowed, for the reason that this is a duty imposed upon the referee by the statute. The sum of $2.50, expenses for sending out notices, if paid by them to the referee, will be allowed.

The court finds no warrant in any provision of the act for compensating attorneys of petitioning creditors for their service in attending meetings of creditors, and resisting the allowance thereat of other claims against the estate. They are supposed in such action to be subserving the interests of their client, whose dividend in the estate would be augmented in the proportion of the disallowance of other claims. Each creditor of the estate is interested in seeing meritless claims defeated and preferential claims rejected. And one of the objects of creditors' meetings is to afford each creditor an opportunity to object before the referee to the allowance of questionable claims, and each creditor has the right to object and make contest. Is the court to allow a fee to the attorney of each objecting and contesting creditor, when the statute expressly provides that "one reasonable attorney's fee for professional services actually rendered, irrespective of the number of attorneys employed," may be allowed by the court?

It is further claimed by these attorneys, as a basis of their compensation, that they induced several bidders to attend the sale of the property of the bankrupt, "and the property yielded in cash the sum of $4,207." Presumptively and naturally enough, interested creditors in the estate would either attend in person, or be repre-

sented at such sale, to see that the property be not sacrificed, as they are the especial beneficiaries in the product of the sale. No provision of the bankrupt act even squints at an allowance against the estate for such service.

The $25 deposit fee paid to the clerk by these attorneys is a proper allowance, and should be refunded to the attorneys.

While the court personally would be pleased to exercise a spirit of large liberality both towards the attorneys and its officers assisting in the administration of bankrupt estates, it must be understood that the court is impressed with a sense of the obligation imposed upon it by the bankrupt act to so administer it as to preserve both the letter and the spirit of the statute, and produce the best results in behalf of creditors. Any other course taken by the courts in administering this statute will inevitably, as it has done in the past, invite additional legislation by congress still further reducing the fees both of attorneys and of the officers of the court.